## Cooper v. Farmers Trust Company, Trustee.

[No. 11,941. Filed February 3, 1925.]

1. APPEAL.—*Denial of continuance not reviewable on appeal from ruling sustaining demurrer to complaint to set aside default judgment.*—On appeal from a ruling on demurrer to a complaint to set aside a default judgment, the court cannot properly consider the ruling on appellant's motion for a continuance. p. 443.

2. JUDGMENTS.—*Complaint to set aside default held insufficient.*—A complaint to set aside a default judgment under §405 Burns' Supp. 1921 is insufficient which merely shows that plaintiff's attorney had another case in another court set for trial on the same day and could not be present to try plaintiff's case, where the default was not taken until the next day, and it was not alleged where plaintiff and his attorney were on the day of the default nor any reason stated for their not appearing on said day. p. 443.

From Marion Superior Court (A 23,392) ; *Clinton H. Givan,* Judge.

Action by Thomas Cooper against the Farmers Trust Company, Trustee. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Louis Rosenberg,* for appellant.

*Harry C. Hendrickson,* for appellee.

THOMPSON, J.—This is an action by appellant, Thomas Cooper, against appellee, Farmers Trust Company, Trustee, to set aside a default judgment taken against appellant.

There was a case in the Marion Superior Court, entitled, "Farmers Trust Company, Trustee vs. Thomas Cooper." The defendant was ruled to answer on Sep-

tember 26, 1923, at which time said cause, by order of the court, was set for trial October 2, 1923. Defendant, by his attorney, appeared on October 1, 1923, and filed an affidavit asking for a continuance, and among other reasons stated that he had a case set for trial at Nobles-ville, Indiana, on October 2, 1923, which case had been set for trial for some time, and that it would be impossible for said attorney to attend the trial in the superior court of Marion county on that date. The court overruled the motion for a continuance, and on October 3, 1923, the court rendered judgment by default against appellant.

On October 27, 1923, appellant filed his complaint to set aside the default rendered on October 3, basing said action on §405 Burns' Supp. 1921, which provides: "The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, on complaint filed and notice issued, as in an original action within two years from and after the date of the judgment." To this complaint the appellee herein filed a demurrer on the grounds that said complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court, whereupon appellant refused to plead further and the court rendered judgment against appellant. Appellant then excepted and appealed.

The action of the court in sustaining the demurrer to appellant's complaint is the sole alleged error relied upon for the reversal of this cause.

This is not an action to review a judgment as provided for in §§645, 646 Burns 1914, §§615, 616 R. S. 1881, but an action to set aside a default under 1, 2. §405 Burns' Supp. 1921, *supra*. Therefore, it would not be proper for this court to consider the ruling of the lower court on the motion for continuance. In the former case, appellant, in his motion for

continuance, stated that he had another case set for trial at Noblesville, Indiana, on October 2, 1923, the same date as that of the trial under consideration. The complaint nowhere alleges where the plaintiff or his attorney was on October 2, 1923, or on October 3, 1923, the day on which the judgment on default was rendered, nor is there any showing in the complaint why they could not be there, and for all we know from the complaint in this case, they both might have been in court on that day. Section 410 Burns 1914, provides: "If, from any cause, either party shall fail to plead or make up the issues within the time prescribed, the court shall forthwith enter judgment as upon a default, unless, for good cause shown, further time be given for pleading, on the payment of the costs occasioned by the delay."

Finding no error in the action of the lower court in sustaining the demurrer to the complaint, and that being the only alleged error complained of, the judgment is affirmed.